Sanfobd, J.
I concur with the chief justice in the opinion that the enforcement of a right of action in favor of the plaintiff, and against the defendant Watkins, if any such there be, must be postponed until it shall have been definitely ascertained whether or not the proceeds of a sale under decree of foreclosure will suffice to satisfy the mortgage. But I am unable to perceive any ground, legal or equitable, upon which the plaintiff can insist upon the enforcement of a claim against Watkins, under any circumstances. She has no interest in the matter. If entitled to relief, at all, it must be by way of indemnity or protection against her own personal liability as obligor or mortgagor. Having conveyed the mortgaged premises, and being no longer interested therein, it is only as obligor that she can be charged. But it appears from the evidence and from the findings of fact, that when she executed the bond and mortgage, she was under the disabilities of coverture, being then the wife of her co-plaintiff, Charles S. Slauson, deceased since the commencement of the action. We.hold in Cashman v. Henry (decided concurrently with this case), that a married woman incurs no personal liability, and does not charge, in equity, her separate estate, other than the mortgaged premises, by assuming payment of a mortgage subject to which lands are conveyed to her, although the amount of such mortgage be allowed to her, as part of the purchase money, expressed to be paid as the consideration of such conveyance. The same principle is equally applicable to a bond and mortgage executed by a married woman for or on account of the purchase money of lands conveyed to her. In both cases, the common law disability of coverture renders her inca *80 liable of contracting or of incurring liability, except in so far as she is expressly authorized by statute. Her bond is void. She charges her separate estate to the extent expressed in the mortgage, but neither the bond nor the mortgage creates any lien upon her separate estate, otherwise than as therein expressed, and neither bond nor mortgage subjects her to personal liability, as if she were a feme sole. The remedies of her vendor and mortgagee are therefore restricted, as against her, to the particular premises mortgaged, and to the enforcement of his lien thereon.
Under this view of the case, the plaintiff is under no personal liability for, and has no interest in the payment of the mortgage. She requires neither indemnity nor protection; and her interference on behalf of the mortgagee is wholly gratuitous.
The judgment appealed from should be reversed, and a new trial granted, with costs to abide the event.